```
THOMAS P. O'BRIEN                                          JS-6
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
California State Bar No. 140310
     United States Courthouse
     312 N. Spring Street, 14th Floor
     Los Angeles, CA 90012
     Telephone: (213) 894-0304
     Facsimile:  (213) 894-7177
     E-Mail:  greg.parham@usdoj.gov

Attorneys for Plaintiff
United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CV 07-07477 SJO(Ex) |
| Plaintiff, ) | **CONSENT JUDGMENT OF FORFEITURE** [PROPOSED] |
| v. ) | |
| REAL PROPERTY LOCATED IN ) COMPTON, CA,(MUHAMMAD), ) | |
| Defendant. ) | |
| HENRIETTA MUHAMMAD, ) | |
| Titleholder.) | |
| HENRIETTA MUHAMMAD AND ) MOREQUITY, INC., ) | |
| Claimants. ) | |

By the signatures hereunder, plaintiff United States of America ("the government") and titleholder and claimant Henrietta

Muhammad ("Muhammad")(collectively "the parties") request that the Court enter this proposed consent judgment.

The complaint in this civil forfeiture action was filed on November 14, 2007, alleging that the defendant real property located in Compton, California ("defendant real property") was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7). Notice was given and published in accordance with law. MorEquity, which, on or about May 18, 2005, recorded a beneficial interest in a deed of trust in favor of beneficiary Wilmington Finance, a division of AIG Federal Savings Bank, is the current lienholder on the defendant real property, and is aware of the pending litigation, and has filed a claim and answer in this matter.[1] Muhammad is the current titleholder on the defendant real property, and is aware of the pending litigation, and has filed a claim and answer in this matter. The parties (with the concurrence of MorEquity) had sought a stay of this matter pursuant to 18 U.S.C. § 981(g), but now jointly file this request that the court enter this consent judgment of forfeiture. No other claims or answers were filed, and the time for filing

---

[1] On February 28, 2005, Wilmington Finance recorded its deed of trust to secure an indebtedness in the amount of $327,000 by Muhammad, as evidenced in an assignment, attached as Exhibit A (recorded May 18, 2005, as Instrument No. 05 1170229 in the Office of the Recorder of Los Angeles County, California), of a beneficial interest in a Deed of Trust, in favor of Wilmington Financial, a division of AIG Federal Savings Bank ("Wilmington"), dated February 18, 2005, executed by Muhammad, as Trustor, to secure certain obligations in favor of Wilmington, as beneficiary, recorded February 28, 2005, as Instrument No. 05 0444722 in the Office of the Recorder of Los Angeles County, California, describing land therein as more fully described on said Deed of Trust, including one (1) note(s) for the original sum of $327,000.00, attached as Exhibit B.

1  claims and answers has expired.  The agreement set out in this
2  proposed consent judgment is dispositive of this action except to
3  the extent that the government and claimant MorEquity cannot
4  agree to the amount of reasonable attorney fees owed pursuant to
5  ¶ 9.(c) below.
6      The parties have agreed to settle this forfeiture action and
7  to avoid further litigation.
8      The Court has been duly advised of and has considered the
9  matter.  Based upon the mutual consent of the government and
10 Muhammad,
11     **IT IS ORDERED, ADJUDGED AND DECREED:**
12     1.   This Court has jurisdiction over the subject matter of
13 this action and the defendant real property.
14     2.   The Complaint for Forfeiture states a claim for relief
15 against the defendant real property pursuant to 21 U.S.C.
16 § 881(a)(7).  All potential claimants other than Muhammad and
17 MorEquity are hereby deemed to have admitted the allegations of
18 the complaint.
19     3.   Notice of this action has been given as required by
20 law.
21     4.   The defendant real property shall be sold and the
22 proceeds of sale disposed of in accordance with the terms of this
23 judgment.
24     5.   Following entry of judgment, the government will
25 undertake to sell the defendant real property.
26     6.   Time is of the essence in the sale of the defendant
27 real property.
28     7.   The Internal Revenue Service is hereby authorized to

remove any occupants and/or personal property remaining on the defendant real property thirty days after the giving of written notice of the intent to effect such removal, without further order of this Court.  The Internal Revenue Service shall thereafter sell the defendant real property in the same manner in which it disposes of forfeited real property.

8.   Muhammad shall execute any and all documents necessary to facilitate the sale of the defendant real property by the government and to further implement the terms of this consent judgment.

9.   Upon the sale of the defendant real property, the funds generated by the sale will be distributed in the following priority:

(a)   First, to the Internal Revenue Service for its costs and expenses of sale and management of the defendant real property;

(b)   Second, to the Los Angeles County Assessor and Tax Collector for payment of unpaid real property taxes assessed against the defendant real property to the date of sale;

(c)   Third, all unpaid principal and interest due on the lien in favor of MorEquity, as well as all unpaid interest and other fees or costs described in the Note and Deed or Trust in favor of MorEquity, including late charges, advances for payment of property tax and hazard insurance, reasonable attorney fees and costs to be agreed to by the parties or as ordered by the Court, and foreclosure fees and costs, if any, incurred prior to the entry of this consent judgment;

(d)   Fourth, the remainder of the sales proceeds shall

be forfeited to the United States, and no other right, title or interest shall exist therein.  Said proceeds shall be disposed of according to law.

10.  The parties shall execute further documents to the extent necessary to convey clear title of the defendant real property and to further implement the terms of this Consent Judgment.

11.  Muhammad hereby releases the United States of America, its agencies, officers, and employees, including employees of the Internal Revenue Service, and local law enforcement agencies, their agents, officers, and employees, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs, or interest on behalf of Muhammad, whether pursuant to 28 U.S.C. § 2465 or otherwise.

12.  The Court finds that there was reasonable cause for the institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

13.  The Court further finds that Muhammad did not substantially prevail in this action, and shall bear her own attorney's fees and other costs of litigation.

14.  The Court retains jurisdiction over this case and the parties hereto to effectuate the terms of this Consent Judgment.

DATED: June 4, 2009

_____
THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

<u>CONSENT</u>

The government and Muhammad consent to entry of this judgment and waive any right of appeal.

DATED: May __, 2009         THOMAS P. O'BRIEN
                            United States Attorney
                            CHRISTINE C. EWELL
                            Assistant United States Attorney
                            Chief, Criminal Division
                            STEVEN R. WELK
                            Assistant United States Attorney
                            Chief, Asset Forfeiture Section


                            _____
                            P. GREG PARHAM
                            Special Assistant United States Attorney

                            Attorneys for Plaintiff
                            United States of America

DATED: May __, 2009


                            _____
                            BRYANT K. CALLOWAY
                            Counsel for Claimant
                            HENRIETTA MUHAMMAD

6