THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
California State Bar No. 140310
    United States Courthouse
    312 N. Spring Street, 14th Floor
    Los Angeles, CA 90012
    Telephone: (213) 894-0304
    Facsimile:  (213) 894-7177
    E-Mail:  greg.parham@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> REAL PROPERTY LOCATED IN COMPTON, CA,(MUHAMMAD), <br><br> Defendant. <br><br> HENRIETTA MUHAMMAD, <br><br> Titleholder. <br><br> HENRIETTA MUHAMMAD AND MOREQUITY, INC., <br><br> Claimants. | NO. CV 07-07477 SJO(Ex) <br><br> **AMENDED CONSENT JUDGMENT OF FORFEITURE** |

    By the signatures hereunder, plaintiff United States of America ("the government") and titleholder and claimant Henrietta

1  Muhammad ("Muhammad")(collectively "the parties") request that
2  the Court enter this proposed amended consent judgment.
3      The complaint in this civil forfeiture action was filed on
4  November 14, 2007, alleging that the defendant real property
5  located in Compton, California ("defendant real property") was
6  subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).  Notice
7  was given and published in accordance with law.  MorEquity,
8  which, on or about May 18, 2005, recorded a beneficial interest
9  in a deed of trust in favor of beneficiary Wilmington Finance, a
10 division of AIG Federal Savings Bank, is the current lienholder
11 on the defendant real property, and is aware of the pending
12 litigation, and has filed a claim and answer in this matter.[1]
13 Muhammad is the current titleholder on the defendant real
14 property, and is aware of the pending litigation, and has filed a
15 claim and answer in this matter.  The parties (with the
16 concurrence of MorEquity) had sought a stay of this matter
17 pursuant to 18 U.S.C. § 981(g), but now jointly file this request
18 that the court enter this consent judgment of forfeiture.  No
19 other claims or answers were filed, and the time for filing

---

[1] On February 28, 2005, Wilmington Finance recorded its deed of trust to secure an indebtedness in the amount of $327,000 by Muhammad, as evidenced in an assignment, attached as Exhibit A (recorded May 18, 2005, as Instrument No. 05 1170229 in the Office of the Recorder of Los Angeles County, California), of a beneficial interest in a Deed of Trust, in favor of Wilmington Financial, a division of AIG Federal Savings Bank ("Wilmington"), dated February 18, 2005, executed by Muhammad, as Trustor, to secure certain obligations in favor of Wilmington, as beneficiary, recorded February 28, 2005, as Instrument No. 05 0444722 in the Office of the Recorder of Los Angeles County, California, describing land therein as more fully described on said Deed of Trust, including one (1) note(s) for the original sum of $327,000.00, attached as Exhibit B.

2

claims and answers has expired.  The agreement set out in this proposed amended consent judgment is dispositive of this action except to the extent that the government and claimant MorEquity cannot agree to the amount of reasonable attorney fees owed pursuant to ¶ 9.(c) below.

The parties have agreed to settle this forfeiture action and to avoid further litigation.

The Court has been duly advised of and has considered the matter.  Based upon the mutual consent of the government and Muhammad,

**IT IS ORDERED, ADJUDGED AND DECREED:**

1. This Court has jurisdiction over the subject matter of this action and the defendant real property.

2. The Complaint for Forfeiture states a claim for relief against the defendant real property pursuant to 21 U.S.C. § 881(a)(7).  All potential claimants other than Muhammad and MorEquity are hereby deemed to have admitted the allegations of the complaint.

3. Notice of this action has been given as required by law.

4. The defendant real property shall be sold and the proceeds of sale disposed of in accordance with the terms of this judgment.

5. Following entry of judgment, the government will undertake to sell the defendant real property.

6. Time is of the essence in the sale of the defendant real property.

7. The U.S. Marshals Service is hereby authorized to

remove any occupants and/or personal property remaining on the defendant real property thirty days after the giving of written notice of the intent to effect such removal, without further order of this Court.  The U.S. Marshals Service shall thereafter sell the defendant real property in the same manner in which it disposes of forfeited real property.

    8.   Muhammad shall execute any and all documents necessary to facilitate the sale of the defendant real property by the government and to further implement the terms of this consent judgment.

    9.   Upon the sale of the defendant real property, the funds generated by the sale will be distributed in the following priority:

        (a)   First, to the U.S. Marshals Service for its costs and expenses of sale and management of the defendant real property;

        (b)   Second, to the Los Angeles County Assessor and Tax Collector for payment of unpaid real property taxes assessed against the defendant real property to the date of sale;

        (c)   Third, all unpaid principal and interest due on the lien in favor of MorEquity, as well as all unpaid interest and other fees or costs described in the Note and Deed or Trust in favor of MorEquity, including late charges, advances for payment of property tax and hazard insurance, reasonable attorney fees and costs to be agreed to by the parties or as ordered by the Court, and foreclosure fees and costs, if any, incurred prior to the entry of this consent judgment;

        (d)   Fourth, the remainder of the sales proceeds shall

be forfeited to the United States, and no other right, title or interest shall exist therein.  Said proceeds shall be disposed of according to law.

10. The parties shall execute further documents to the extent necessary to convey clear title of the defendant real property and to further implement the terms of this Consent Judgment.

11. Muhammad hereby releases the United States of America, its agencies, officers, and employees, including employees of the Internal Revenue Service, and local law enforcement agencies, their agents, officers, and employees, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs, or interest on behalf of Muhammad, whether pursuant to 28 U.S.C. § 2465 or otherwise.

12. The Court finds that there was reasonable cause for the institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

13. The Court further finds that Muhammad did not substantially prevail in this action, and shall bear her own attorney's fees and other costs of litigation.

14. The Court retains jurisdiction over this case and the parties hereto to effectuate the terms of this Consent Judgment.

DATED: June 18, 2009

_____
THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

5

## CONSENT

The government and Muhammad consent to entry of this judgment and waive any right of appeal.

DATED: June __, 2009    THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____
P. GREG PARHAM
Special Assistant United States Attorney

Attorneys for Plaintiff
United States of America

DATED: June __, 2009

_____
BRYANT K. CALLOWAY
Counsel for Claimant
HENRIETTA MUHAMMAD